## EDWARD and WILLIAM JOY v. SAMUEL MARSHAL.

Court of Common Pleas. Kent. May 13, 1797.

*Rodney's Notes.**

*Bayard* [for plaintiffs]. *Miller* [for defendant].

June 24, 1796, the contract made for 275 bushels of wheat at 18/6 per 60 lbs. weight at 90 days. £250.10.3. Sold and delivered. Second, assumpsit to pay. Third, *quantum meruit*. Fourth, *insimul computassent*.

June 24, 1796. Received for 275 wheat delivered, and [£]250.-10.3. Signed, Samuel Marshal. Bought at 90 days, as agent of his father, William Marshal, a miller of New Castle.

· Abram Saunders. I know Samuel Marshal, lives in D Crossroads.

*Bayard* objected to William Marshal's being a competent witness, he being the principal, and defendant his agent.

*Miller.* He is not interested, is to swear against his interest and to charge himself. Coop.Eq.Pl. 70, 71. 1 Str. 35. 1 Term 164. The bare possibility of a witness being liable to an action [is] not sufficient to exclude him. 1 Str. 480. A witness may be competent in one view though not in another. 3 Term 27. 5 Term 578.

*Bayard.* The point in this case was whether the witness would be put in a better situation or not by the effect of his evidence.

*Rodney.* The witness offered will bring by his evidence a suit on his own head. He is the principal and the action should have been brought against him, not against us as agent. We should have been, as agent, a witness for both. Peake 6. Indorser of a note admitted to prove the payment without releasing.

---

* This case is also reported in *Bayard's Notebook, 198; Clayton's Notebook,* 22.

*Ridgely.* Esp.N.P. 85.

*Bayard.* Here is an immediate interest in the question.

The Court are of opinion that the witness is incompetent, and to admit him to give evidence would be to give evidence for himself admitting him to be the principal.

Abram Saunders. Edward Joy said he would not take advantage of the receipt Samuel had given, (Samuel said he ought not to have given it in the manner he had) for he could get his money without. I know a quantity of wheat has been lying in defendant's garner four months, between two and three hundred bushels; about ten or twelve bushels of wheat is in the lower garner. I run my hand down above the wrist this morning in the wheat in the upper part, and counted 27 grains garlic in one handful. Seemed to be much alike. Four months ago I was in the garner, did not take notice of the wheat then. I was present when the wheat was delivered, no objection made then by Samuel Marshal. Wheat weighs lighter for having garlic in it. When Joy and Marshal was talking about receipt, there was no objection to the quality of the wheat but Samuel said he ought to have put his father's name to it. Wheat fell soon after.

Joseph Marshal sworn on the *voir dire.* I am in partnership in a mill with William Marshal. If a verdict is had against Samuel, he will have to pay it.

PER CURIAM. Rejected as interested being in partnership with his father.

Joseph Knock. Garlicky wheat would make flour to pass inspection when clean it before grinding. Samuel Marshal showed me the wheat. We deduct for under or overweight about a half penny more than what it comes to by the pound. If wheat is at 15 shillings it should be 4 pence.

William Hall. March 25, 1796, I saw Joy's wheat, about 250 bushels. I offered him 21/6d. per bushel for it. It was as good as common wheat I was then purchasing. Samuel M. purchased a great deal of wheat about that time. Wheat fell about that time.

By the Court. There is no evidence to affect the receipt produced by plaintiff, and you will no doubt be of opinion interest should be given after the term of credit expired.

Verdict for plaintiff £260.2.